Aaron KAPLAN and Judith Kaplan

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and City of Philadelphia.

Appeal of SOUTHEASTERN PENNSYL-VANIA TRANSPORTATION AU-THORITY, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.
Decided Jan. 15, 1997.
Reargument Denied March 5, 1997.

Joan A. Zubras, Philadelphia, for appellant.

Richard J. Heleniak, Plymouth Meeting, for appellees, Aaron and Judith Kaplan.

Before SMITH and LEADBETTER, JJ., and LORD, Senior Judge.

SMITH, Judge.

Judith and Aaron Kaplan commenced a tort action against the Southeastern Pennsylvania Transit Authority (SEPTA) and the City of Philadelphia in the Court of Common Pleas of Philadelphia County (trial court) alleging that Judith Kaplan suffered injuries when she fell while attempting to board a SEPTA bus as she crossed a large mound of snow piled at a bus stop. SEPTA filed a motion for summary judgment. The trial court denied that motion as premature and also denied a motion for reconsideration and a petition to certify the matter to this Court for interlocutory appeal. SEPTA filed a petition for allowance of appeal; this Court treated that as a petition for review and allowed the appeal.

SEPTA states three questions for review: (1) whether the Kaplans are entitled to recover damages from SEPTA for injuries sustained in a fall at a bus stop that was not owned or leased by SEPTA; (2) whether SEPTA may successfully assert a sovereign immunity defense because the real estate exception is inapplicable when the plaintiff fell on snow and ice; and (3) whether summary judgment was improperly denied, where SEPTA produced an affidavit of its claims supervisor denying any ownership or leasehold interest, and Kaplans' counsel asserted that material facts were in dispute without acknowledging discovery in a related federal court action where it was established that SEPTA did not own the property in question and did not provide snow removal.

The motion for summary judgment stated two grounds: SEPTA could not be held liable under the vehicle liability exception found in Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1), to the general rule of sovereign immunity found in Section 8521, 42 Pa.C.S. § 8521, because the complaint did not allege facts constituting operation of a motor vehicle; and the exception relating to injuries caused by Commonwealth real estate, highways and sidewalks in Section 8522(b)(4), 42 Pa.C.S. § 8522(b)(4), did not apply because the Commonwealth did not own or lease the area of the bus stop. As evidentiary support SEPTA offered copies of the complaint and answer, several pages from a deposition in which Judith Kaplan described her accident and an affidavit of Walter Kusen, Supervisor of Claims Inspection for SEPTA, which included assertions that he is responsible for determining which properties are SEPTA's responsibility and that SEPTA does not own or lease the area of the bus stop where Judith Kaplan fell.

The trial court concluded that the vehicle exception did not apply, under the facts that the Kaplans pleaded. As to the real estate exception, however, the trial court referred to the rule derived from *Nanty–Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), that summary judgment may not be had where the moving party relies exclusively upon oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact. In *Nanty–Glo*, the plaintiff's unrebutted testimony at trial was sufficient, if credited, to establish an insurer's liability on a bond. The trial court directed a verdict, but the Supreme Court reversed because the trial court's action invaded the province of the jury to determine the credibility of witnesses. The rule is now most commonly applied in summary judgment proceedings. *Garcia v. Savage*, 402 Pa.Superior Ct. 324, 586 A.2d 1375 (1991). The trial court in the present case concluded that a material question of fact remained as to ownership.

 Pursuant to former Pa. R.C.P. No. 1035(a),[1] after the pleadings are closed a

---

1. Pa. R.C.P. No. 1035 was rescinded effective July 1, 1996 and was replaced by Pa. R.C.P. Nos.

party may move for summary judgment on the pleadings and on any depositions, answers to interrogatories, admissions on file and supporting affidavits. Summary judgment may be had where these materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Former Pa. R.C.P. No. 1035(b). In considering a motion for summary judgment, a court must accept as true all well-pleaded factual allegations, but not conclusions of law, in the nonmoving party's pleadings; for the motion to be sustained the case must be clear and free from doubt. *Rizzo v. City of Philadelphia*, 668 A.2d 236 (Pa.Cmwlth.1995).[2]

SEPTA quotes former Pa. R.C.P. No. 1035(d):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

SEPTA notes that the Kaplans provided no response to SEPTA's supporting materials. SEPTA refers to *Samarin v. GAF Corp.*, 391 Pa.Superior Ct. 340, 571 A.2d 398 (1989), where the court held that the import of Rule 1035(d) was that once the motion was properly supported, the burden was on the nonmoving party to disclose evidence that was the basis for his or her argument resisting summary judgment.

■ SEPTA disputes the trial court's reliance on the *Nanty–Glo* rule. It argues that *Nanty–Glo* stands for the proposition that oral testimony is insufficient to establish a lack of a genuine issue of material fact when the action is dependent upon the credibility and demeanor of the witness. SEPTA contends that the issue here is ownership of real estate, which is a matter of public record and a question of law, and cites *Bouda v. Philadelphia*, 69 D. & C.2d 692 (1975), *Siegel v.*

*Stahlfield*, 64 D. & C.2d 132 (1973), and *Lerman v. Jordan*, 50 D. & C.2d 543 (1970), as support. On the other hand, the Kaplans respond that the key here is the requirement of Rule 1035(d) that the motion for summary judgment must be properly supported before the burden shifts to the nonmoving party to respond with supporting evidence of its own. They contend that the support offered here does not meet the *Nanty–Glo* test.

According to the *Nanty–Glo* rule and the strict standard that must be met for the grant of summary judgment, the trial court did not err or abuse its discretion in denying SEPTA's motion. SEPTA's assertion that ownership is a question of law ignores the fact that the determination must be based upon evidence. Although ownership of real estate usually is a matter of public record, SEPTA chose to support its motion only with a testimonial affidavit rather than with material from the public record—a certified copy of a deed, for example.

Of the cases relied upon by SEPTA, *Lerman* offers no support for SEPTA's arguments, because in that action arising from a motor vehicle accident the plaintiffs admitted that the named defendant was not the operator of the automobile in question. In *Bouda* the defendant electric utility offered an affidavit with an attached company drawing of the facilities it owned in the area; in *Siegel* unresponded-to affidavits were deemed sufficient to establish that an automobile was purchased and brought into the United States outside of the ordinary stream of commerce. These common pleas court decisions are not binding upon this Court, and, in any event, they are rejected to the extent they conflict with *Nanty–Glo*.

The reproduced record in this case contains materials that are not part of the certified record. The materials relate to an action in which the Kaplans sued Exxon Corporation over the same injury, alleging that Exxon owned the property. That case

---

1035.1—1035.5. The motion for summary judgment in this case was filed and disposed of before the effective date of the new Rules.

**2.** The scope of this Court's review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation v. Koons*, 661 A.2d 490 (Pa.Cmwlth.1995).

was removed to federal court. Although SEPTA provided the trial court with a copy of the federal complaint following denial of its summary judgment motion, the extensive materials allegedly from that case that are included in the reproduced record are in no sense part of the record in this proceeding. Therefore, the reproduced record is in plain violation of the rules relating to the preparation of reproduced records. *See* Pa. R.A.P. 2152, 2153. SEPTA admits this in its reply brief, and this Court strongly disapproves of SEPTA's knowing violation in this regard. An appellate court may not consider anything that is not of record in the case. *McCaffrey v. Pittsburgh Athletic Ass'n,* 448 Pa. 151, 293 A.2d 51 (1972).

 SEPTA also contends that any attempt by the Kaplans to state a cause of action based on a concept of control over the property in question other than through ownership or as lessee must fail as a matter of law. SEPTA argues further that even if its ownership could be established, the Kaplans could not state a case because snow and ice are conditions "on" rather than "of" the sidewalk. Because SEPTA did not argue these matters to the trial court in its requests for reconsideration and certification, they are waived for the purpose of disposing of SEPTA's present appeal from the denial of its motion for summary judgment. Pa. R.A.P. 302(a). In addition, they are not encompassed within the two questions stated in SEPTA's petition for review to this Court. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 15th day of January, 1997, the order of the Court of Common Pleas of Philadelphia County is affirmed, and this matter is remanded for further proceedings. Jurisdiction is relinquished.

LEADBETTER, J., dissents.