**William H. O'ROURKE, Petitioner,**

**v.**

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Martin F. Horn, Commissioner, Pennsylvania Department of Corrections, David H. Larkins, Superintendent, State Correctional Institution-Dallas, Thomas Stachelek, Deputy Superintendent, State Correctional Institution at Dallas, Captain Thomas Martin, John Docknovitch, Mark Rapson, and Samuel Zambeto, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 12, 1999.

Decided May 19, 1999.

David P. Tomaszewski, Wilkes-Barre, for petitioner.

Raymond W. Dorian, Camp Hill, for respondents.

Before DOYLE, J., PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Department of Corrections, Martin F. Horn, David H. Larkins, Thomas Stachelek, Thomas Martin, John Docknovitch, Mark Rapson, and Samuel Zambeto (collectively, Respondents) are entitled to summary judgment against William H. O'Rourke (Petitioner). We conclude that they are entitled to partial summary judgment.

The relevant facts are as follows. On January 21, 1997, Petitioner filed a complaint in our original jurisdiction alleging that Respondents violated the Whistleblower Law.[1] On April 1, 1996, Petitioner, who is employed at the State Correctional Institution at Dallas (SCI–Dallas), reported violations of SCI–Dallas policy that were allegedly occurring in the prison kitchen. Included among Petitioner's allegations was that inmates were running a business out of the kitchen by stealing meat and selling sandwiches to other inmates.

1. Act of December 12, 1986, P.L. 1559, 43 P.S. §§ 1421–1428.

Petitioner alleges in his January 21, 1997 complaint that Respondents have violated the Whistleblower Law by retaliating against him for reporting the improper activity in the kitchen. Some examples of alleged acts of retaliation against Petitioner are as follows: removing his name from the supervisors list, resulting in lost overtime pay; refusing to remove a newspaper clipping placed near his work schedule that read, "Whistleblowers Get Fired;" instructing prison inmates to interfere with the performance of his job; failing to discipline inmates whom he reported for improper activity; humiliating him by stating that he will never be promoted and that food will by taken from his child's mouth; preparing a negative job evaluation; and allowing inmates who had threatened him to work alongside him.

Section 3 of the Whistleblower Law, 43 P.S. § 1423, provides as follows:

No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

■■■ Pursuant to Pa. R.C.P. No. 1035.2, any party may move for summary judgment in whole or in part if there is no genuine issue of material fact as to a necessary element of the cause of action or defense that could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense that in a jury trial would require the issues to be submitted to a jury. *Kee v. Turnpike Commission,* 722 A.2d 1123 (Pa.Cmwlth. 1998). Summary judgment may be granted only in cases where the right is clear and free from doubt, and the moving party has the burden of proving the non-existence of any genuine issue of material fact. *Id.* The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* A party seeking to avoid summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions, or affidavits that there is a genuine issue for trial. *Id.*

■■■ Respondents advance three arguments in their motion for summary judgment. First, Respondents argue that they are entitled to summary judgment because Petitioner has failed to establish a causal connection between his April 1, 1996, report of alleged wrongdoing in the kitchen area of the prison and the alleged ensuing retaliation; that there were legitimate non-pretextual reasons for Respondents' actions against Petitioner; and that Petitioner has suffered no harm. However, not only has Petitioner provided deposition testimony directly contradicting these assertions by Respondents, but, under the Nanty–Glo Rule, summary judgment may not be granted where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact. *Kaplan v. Southeastern Pennsylvania Transportation Authority,* 688 A.2d 736 (Pa.Cmwlth. 1997). The evidence upon which Respondent relies in this case is in fact exclusively oral testimony. Accordingly, under the Nanty–Glo Rule, summary judgment cannot be granted on these grounds.

Respondents next argue that Horn, Larkins, Stachelek, and Martin are entitled to summary judgment because they had no firsthand knowledge of nor active participation in any of the alleged retaliation against Petitioner. Based upon a review of the record, it appears that these parties were in fact aware of the alleged retaliation against Petitioner. However,

we need not scour the record for evidence of their involvement because this Court has already held that no pleading with particularity is necessary in order to establish that high-ranking officials, including the Commissioner of the Department of Corrections and the Superintendent of a correctional institution, are ultimately responsible under the Whistleblower Law for discriminatory treatment of a Department of Corrections employee. *Rodgers v. Department of Corrections,* 659 A.2d 63 (Pa.Cmwlth.1995).

Finally, Respondents argue that they are at least entitled to partial summary judgment as to any alleged acts of retaliation that occurred prior to July 25, 1996.[2] On this point, we agree with Respondents. Under Section 4 of the Whistleblower Law, 43 P.S. § 1424, an action must be filed within 180 days of the alleged violation of the Law. Furthermore, this 180-day time limit is mandatory, and courts have no discretion to extend it. *Perry v. Tioga County,* 168 Pa.Cmwlth. 126, 649 A.2d 186 (1994), *appeal denied,* 540 Pa. 609, 655 A.2d 995 (1995). Because Petitioner filed the complaint on January 21, 1997, any alleged acts of retaliation that occurred prior to July 25, 1996, which date is exactly 180 days prior to January 21, 1997, are time-barred.

Accordingly, Respondents' motion for summary judgment is denied in part and granted in part in accordance with the foregoing opinion. The Chief Clerk is directed to schedule a pre-trial conference in this matter.

### ORDER

AND NOW, this 19th day of May, 1999, Respondents' motion for summary judgment is denied with the following exception: Any alleged acts of retaliation against Petitioner that occurred prior to July 25, 1996, are time-barred. The Chief

Clerk is directed to schedule a pre-trial conference in this matter.

---

**2.** Respondents actually requested partial summary judgment for any acts of retaliation occurring prior to July 17, 1996. However, this date appears to have been a miscalculation by Respondents.