**Bethlehem Area School District v.
White Brothers Construction Inc.**

C.P. of Northampton County, no. C0048CV2002 002968.

*Paul A. Logan,* for plaintiff.
*Michael J. Revness* and *Marsha E. Flora,* for defendants White Brothers Construction Inc.
*R. Eric Hall,* for defendant Joseph Morelli & Co.
*Frederick T. Lachat Jr.,* for defendant Shippee Mechanical Inc.

BARATTA, *J.,* October 28, 2004—

STATEMENT OF REASONS

Presently before the court is the motion for partial summary judgment filed by plaintiff, Bethlehem Area School District (BASD) on the issue of liability. Specifically,

BASD contends that defendants, White Brothers Construction Inc. (WBC), Joseph Miorelli Inc., and Shippee Mechanical Inc., failed to establish any material facts on the issue of liability, such that BASD is entitled to judgment as a matter of law with regards to liability.

This matter arises out of a contractual relationship entered into between BASD and WBC to replace the existing roof of the west wing of Freemansburg Elementary School, and to install a new bituminous modified roofing system over portions of it. To assist with its duties under the contract, WBC entered into subcontract agreements with defendants Miorelli and Shippee.

In June 2000, the defendants, WBC, Shippee, and Miorelli, commenced work on the west wing of the elementary school. In the course of their performance of the contract, it is alleged that WBC, Miorelli, and Shippee individually and collectively altered, damaged, and/or changed the roof and roof drainage system of the elementary school. It is further alleged that after three rain storms in July 2000, rainwater accumulated on the roof and infiltrated the elementary school.

After the third storm on July 25, 2000, Norman Snader and Tony White, both representatives of WBC, inspected the water damage to the elementary school. The next day, July 26, 2000, Snader sent a letter to Mike Franceski of D-Huy Engineering Inc.[1] The content of the Snader letter contains the evidentiary support for BASD's motion. In his letter, Snader acknowledged damage to the school from water penetration coming from the roof. The letter provides a detailed list of the party responsible (either

---

1. Mike Franceski is the project engineer for BASD with regards to the elementary school roof project.

WBC or Shippee) for certain water damage to ceiling tiles and carpeting in various rooms within the elementary school.

As a result of the water infiltration, on April 24, 2002, BASD filed a complaint against the defendants to recover for water damage to the elementary school. In addition to the water damage, BASD alleges that the defendants are liable for mold and mildew growth caused by the defendants' defective work in replacing the elementary school's west wing roof.

The instant motion for partial summary judgment was filed on June 29, 2004. BASD alleges that the letter sent by Snader to Franceski serves as an admission of liability such that the only issue left is the amount of damages to be imposed.

In response, WBC asserts that, while the Snader letter may acknowledge liability for limited damage in the nature of ceiling tiles and carpeting, it does not acknowledge liability for the mold growth which WBC contends was likely caused by other factors and/or parties. Further, WBC asserts that the BASD motion is premature because there will be anywhere from 35 to 40 depositions addressing the factual record. Thus, the defendants contend that BASD's motion is premature.

## I. *Legal Standard*

Pennsylvania Rule of Civil Procedure 1035.2 states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury." *Id.* at Pa.R.C.P. 1035.2.

Further, under Pa.R.C.P. 1035.3(a), the nonmoving party may not rest upon mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion. In other words, the nonmoving party has a clear and affirmative duty to respond to a motion for summary judgment. *Harber Philadelphia Center City Office Limited v. LPCI Limited Partnership,* 764 A.2d 1100, 1104 (Pa. Super. 2000). Also, Pa.R.C.P. 1035.3(d) specifically provides that "[s]ummary judgment may be entered against a party who does not respond." *Id.*

Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law. *Trowbridge v. Scranton Artificial Limb Co.,* 560 Pa. 640, 747 A.2d 862 (2000); *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149, 153, 723 A.2d 174, 176 (1999). Summary judgment is only appropriate in the clearest of cases because an order favorable to the moving party will prematurely end an action. *Scopel v. Donegal Mutual Insurance Company,* 698 A.2d 602 (Pa. Super. 1997).

The moving party has the burden of proving the non-existence of any genuine material fact. *O'Rourke v. Pennsylvania Department of Corrections,* 730 A.2d 1039 (Pa. Commw. 1999); citing *Kee v. Turnpike Commission,* 722 A.2d 1123 (Pa. Commw. 1998). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law." *Murphy v. Duquesne University of the Holy Ghost,* 565 Pa. 571, 590, 777 A.2d 418, 429 (2001), citing *Young v. PennDOT,* 560 Pa. 373, 376, 744 A.2d 1276, 1277 (2000). The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 98-99, 674 A.2d 1038, 1041 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996).

## II. *Discussion*

BASD argues that there are no genuine issues of material fact in this case with regards to liability for water, mold, and mildew damage to the elementary school. BASD contends that the Snader letter to D-Huy is an admission of liability for the water damage to the elementary school and, therefore, the only issue to be resolved is to assess damages against the defendants. BASD asserts that "there can be no doubt that WBC accepted responsibility for certain items of water-infiltration damage caused by its faulty workmanship as set forth in WBC's letter of July 26, 2000, and that such acceptance is a clear admission of liability." See plaintiff's memorandum, pp. 8-9.

BASD relies on *Rochester Machine Corp. v. Mulach Steel Corp.,* 498 Pa. 545, 449 A.2d 1366 (1982), to support their position. In *Rochester Machine,* the plaintiff sought the admission of a letter from the defendant to the plaintiff where the defendant accepted responsibility for certain damages and denied responsibility for other damages.

While *Rochester Machine* did hold that the letter in issue served as an admission and acceptance of responsibility for specific items of damages, a careful reading of the Supreme Court's decision does not support BASD's argument that the Snader letter must be construed as an admission of liability for the mold damage.

BASD asserts that the Snader letter admits liability for all of the damage caused to the elementary school. However, a plain reading of the Snader letter establishes that the admission is limited in scope and refers only to "Water damage to interior of Freemansburg Elementary School," which is referenced in the letter as damage to ceiling tiles and carpeting. The Snader letter fails to speak to the issue of mold or mildrew growth which is at the crux of BASD's claim for damages against the defendants. We also note that as of July 25, 2000, no party had yet to discover the existence of the mold growth.

WBC argues that its letter is clearly limited in scope. Further, WBC argues that even the letter is not explicit in its limitation of liability, that the letter's intent cannot be read to include liability for the mold growth without additional factual support or proof. Therefore, there remains material issues of fact that must be resolved before liability for the mold growth can be determined. Finally, WBC argues that the cause of the mold growth

has not been established. WBC asserts that there are other possible causes for mold growth, independent of the July water penetration, including the HVAC system and interior plumbing.

Hence, because summary judgment is only appropriate in the clearest of cases, and the record must be viewed in the light most favorable to the nonmoving party, summary judgment on the issue of liability as related to mold growth is not appropriate as there remains material issues of fact that must be resolved at trial. However, because the Snader letter is clear as to liability for water damage to the ceiling tiles and carpet, summary judgment for those damages is appropriate.

### III. *Conclusion*

We find that there is no genuine issue of material fact regarding liability for the damaged ceiling tiles and carpeting reference in the Snader letter. However, we find that there remains material issue of fact with regard to liability for the mold growth. Consequently, BASD's motion for summary judgment is granted in part and limited only to judgment against WBC for the damage to the ceiling tiles and carpeting specifically referenced in the Snader letter. BASD's motion for partial summary judgment regarding liability for the mold growth is denied.

### ORDER

And now, October 28, 2004, motion for partial summary judgment filed on behalf of the plaintiff, Bethlehem Area School District, on the issue of liability, is granted in part and limited only to judgment against WBC

for the damage to the ceiling tiles and carpeting specifically referenced in the July 26, 2000 letter written by Norman Snader of White Brothers Construction Inc. Bethlehem Area School District's motion for partial summary judgment regarding liability for the mold growth is denied.