## Muschlitz Excavating, Inc. v. Gary J. Strausser Homebuilders, Inc.

*Stanley J. Margle, III*, for plaintiff.
*Patrick C. Campbell, Jr.*, for defendant.

BARATTA, *J.*, February 14, 2014—

## ORDER OF COURT

And now, this day of February, 2014, upon consideration of the defendant, Gary J. Strausser Homebuilders, Inc.'s, motion for partial summary judgment, and the plaintiff, Muschlitz Excavating, Inc.'s, response thereto, it is hereby ordered that said motion is denied.

## STATEMENT OF REASONS

Facts and Procedural History

On May 4, 2012, the plaintiff, Muschlitz Excavating, Inc., filed its complaint, in which it avers the following:

The defendant, Gary J. Strausser Homebuilders, Inc., hired the plaintiff to install infrastructure and sitework improvements for the defendant's Northwood Commons development project. On August 23, 2011, the parties entered into a subcontractor agreement/contract (hereinafter "the contract"). Under the contract, the work was to begin on August 25, 2011, and end no later than May 3, 2012, with intermediary deadlines and payment set forth by a job schedule. The defendant was required under the contract to pay the plaintiff a total sum of $1,917,632.44, in installments as determined by the job schedule, in exchange for the plaintiff's complete performance. Between October and December of 2011, the parties executed change orders, which altered the performance and payment under the contract. Pursuant to the change orders, the defendant was to pay the plaintiff

a total of $2,084,922.96 for the new scope of work to be performed, plus $14,600.00 for importing crushed rock.

The plaintiff could not complete the work as scheduled in the contract due to delays, which the plaintiff argues were caused by the defendant's failure to secure permits and/or zoning approvals for the development project. The plaintiff further alleges that despite its best efforts to keep the project on schedule, it could not perform due to the defendant's interference. The plaintiff argues that the defendant has breached the contract, the contractual amendments, and the implied covenant of good faith and fair dealing.

The plaintiff has pleaded in the alternative, claims for breach of contract and unjust enrichment. The plaintiff claims that the defendant has been unjustly enriched by the plaintiff's work performed under the contract in the amount of $127,506.05. The plaintiff also seeks breach of contract damages in the total amount of $450,019.50 (which subsumes the $127,506.05 for work completed and not paid for in full).

The paragraphs of the contract relevant to our determination are as follows:

SUBCONTRACTORS AGREEMENT/CONTRACT

....

5. PAYMENT: Contractor will pay to subcontractor the contract price in installments consisting of progress payments and a final payment on completion of the work according to the schedule.... Each progress payment will cover the work done during the pay period. Subcontractor shall provide contractor with an application for payment (invoice)..... Contractor may

withhold payment while subcontractor is in material breach of this contract..... Subcontractor acknowledges that contractor may also decline to approve all or any portion of a request for payment (1) After legal claims related to subcontractor have been filed and served on contractor or owner, (2) If subcontractor is delinquent in paying sub-subcontractors, employees or material suppliers for work and/or material that the subcontractor has received payment for from contractor, (3) if it becomes apparent that the work cannot be completed or finished by the contract completion date, (4) If subcontractor is responsible for substantial damage to work of owner or a separate contractor.

....

7. PERFORMANCE OF WORK: The subcontractor... shall vigorously perform the work specified in the contract documents according to the schedule.... Time is of the essence in regards to this agreement. In meeting that schedule, the subcontractor...shall maintain at all times a rate of progress satisfactory to contractor and adequate to assure full and timely performance of the work specified pursuant to this subcontract. If restorative or remedial work becomes necessary to correct any defect, omission or other problem with regard to the subcontractor's work in whole or in part, the subcontractor...shall provide the necessary labor and materials to cure any such defect, omission or other problem within five (5) days after written notice is received from the contractor, provided such defect, omission or other problem is detected within 18 months from the date the work was completed....Failure to correct or cure such defect, omission or other problem will result in withholding of that portion of payment for

the uncompleted or defective work.

....

9. COOPERATION: Subcontractor...shall fully cooperate with the contractor...and shall not interfere, hinder, delay or obstruct the performance of work by the contractor, other principal contractors, or other subcontractors.

....

21. ADDITIONAL WORK AUTHORIZATION: Any and all work not specifically covered under this contract will be considered additional work. *All additional work must be approved by contractor in writing prior to commencement.* Failure to receive written authorization will result in nonpayment.

....

23. WARRANTY: Except as otherwise provided in this agreement, subcontractor warrants that work performed under this contract shall conform to the contract documents and be free of defects in material, or design furnished, or workmanship performed by subcontractor...for eighteen (18) months....

....

SPECIFICATIONS

....

Federal, State and Local Approvals/Permits

The contractor is responsible to obtain all federal, state and local approvals.

....

Complaint, exhibit "A" — subcontractors agreement/ contract (emphasis in original).

On July 2, 2012, the defendant filed its answer with new matter and counterclaim to plaintiff's complaint. In the defendant's new matter, it avers that the plaintiff's claims are barred: (1) by provisions in the contract, (2) because the plaintiff committed a material breach of the contract, and (3) because of set off and/or recoupment. In the counterclaim, the defendant avers that the plaintiff failed to complete its work in a timely fashion and was in breach of the "time is of the essence" provision, causing the defendant to terminate its contract with the plaintiff. Further, the defendant contends that the work did not conform to the contract and that other work was defective and, therefore, violated warranties.

On July 17, 2012, the plaintiff filed its reply to new matter and counterclaim of defendant. The plaintiff also pleads a new matter, asserting equitable defenses to the defendant's counterclaim.

The parties engaged in significant discovery, which included depositions and interrogatories. On November 22, 2013, the date by which discovery was required to be completed, the defendant filed its motion for partial summary judgment, to which it attached multiple exhibits relating to the contract. On that same date, the defendant filed its memorandum of law in support of its motion.

On December 13, 2013, the plaintiff filed its answer to defendant's motion for partial summary judgment, to which it attached exhibits relating to discovery. On January 23, 2014, the plaintiff filed its brief in opposition to the

defendant's motion for partial summary judgment. By leave of court, the defendant filed its reply memorandum of law in support on January 31, 2014. Also by leave of court, the plaintiff filed its reply brief in opposition on January 31, 2014.

This matter was placed on the January 28, 2014, argument list and submitted on brief.

## Legal Standard

Pennsylvania Rule of Civil Procedure 1035.2 states:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury.

Pa.R.C.P. 1035.2.

Further, under Pa.R.C.P. Rule 1035.3(a), the nonmoving party may not rest upon mere allegations or denials of the pleadings but must file a response within thirty (30) days after service of the motion. In other words, the nonmoving party has a clear and affirmative duty to respond to a motion for summary judgment. *Harber Phila. Ctr. City*

*Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1104 (Pa. Super. 2000). Also, Pa.R.C.P. Rule 1035.3(d) specifically provides that "[s]ummary judgment may be entered against a party who does not respond." *Id.*

Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pa. State Ethics Comm'n*, 723 A.2d 174, 176 (Pa. 1999) (citing *Marks v. Tasman*, 589 A.2d 205 (Pa. 1991)). Summary judgment is only appropriate in the clearest of cases, because an order favorable to the moving party will prematurely end an action. *Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602, 605 (Pa. Super. 1997) (citations omitted). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *O'Rourke v. Pa. Dep't of Corr.*, 730 A.2d 1039, 1041 (Pa. Commw. Ct. 1999) (citing *Kee v. Turnpike Comm'n*, 722 A.2d 1123 (Pa. Commw. Ct. 1998)). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof...establishes the entitlement of the moving party to judgment as a matter of law." *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) (quoting *Young v. PennDOT*, 744 A.2d 1276, 1277 (Pa. 2000)) (omission in original) (internal quotation marks omitted). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1041 (Pa. 1996) (citation omitted).

Under the *Nanty-Glo* Rule, summary judgment may not be granted where the moving party relies exclusively on oral testimony, either through testimonial affidavits or

deposition testimony to establish the absence of a genuine issue of material fact. *Nanty-Glo Borough v. American Surety Co.*, 163 A.523, 524 (Pa. 1932); *see also Penn Center House, Inc. v. Hoffman*, 553 A.2d 900, 903 (Pa. 1989); *White v. Owens Corning Fiberglas, Corp.*, 668 A.2d 136, 142 (Pa. Super. 1995); *Garcia v. Savage*, 586 A.2d 1375, 1377-78 (Pa. Super. 1991); *O'Rourke*, 730 A.2d at 1041 (citing *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736 (Pa. Commw. Ct. 1997)).

A trial court's entry of summary judgment will only be reversed in instances where there was an abuse of discretion or an error of law by the trial court. *Moses v. T.N.T. Red Star Express*, 725 A.2d 792, 795 (Pa. Super. 1999) (citing *Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904, 906 (Pa. Super. 1998)).

## Discussion

## I. Breach of Contract Claim

The defendant asserts that there are no issues of material fact with regard to count I of the plaintiff's complaint, because the plaintiff materially breached the contract and is therefore not entitled to damages for the defendant's failure to perform under the contract.

The plaintiff, however, asserts an excuse, that it "has been delayed and impeded in its efforts to complete the work in accordance with the schedule outlined in the contract by the purposeful actions of the defendant and/ or its agents or representatives," and that the defendant's delay in obtaining the necessary permits prevented the plaintiff from completing the work as scheduled. *See* plaintiff's answer to defendant's motion for partial summary judgment ¶ 4. In so asserting, the plaintiff raised

a defense to its alleged nonperformance under the contract. This defense yields issues of material fact which must be determined by the trier of fact.

Under Pennsylvania law, a party is excused from performance under the contract if the other party's conduct impedes his performance. *See Slater v. General Cas. Co. of Am.*, 25 A.2d 697, 699 (Pa. 1942); *see also Liddle v. Scholze*, 768 A.2d 1183, 1185 (Pa. Super. 2001). By averring that it could not perform due to the defendant's actions, the plaintiff has pled an excuse for its lack of performance under the contract. Moreover, the contract requires that the defendant obtain the necessary permits to complete work on the project; as the defendant allegedly failed to do so in a timely manner under the contract, the defendant arguably materially breached the contract.

The plaintiff brings a cause of action for breach of contract, alleging that the defendant did not pay it for work completed under the contract. The plaintiff argues that it could not perform under the contract as a result of the defendant's actions and alleged breach of the contract. As the plaintiff has raised a series of factual allegations that proffer an excuse for its lack of performance, it cannot be found as a matter of law to have materially breached the contract such that it would preclude plaintiff from seeking for money damages for its alleged loss. *See LJL Transp. Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 649-50 (Pa. 2009) (finding that one party's material breach of contract excuses other party's nonperformance under contract).

Issues of material fact exist in this case regarding the parties' performance under the contract. Therefore, we deny the defendant's motion for partial summary judgment with regard to count I of the plaintiff's complaint.

## II. Unjust Enrichment Claim

The defendant argues that it is entitled to partial summary judgment with regard to count II of the plaintiff's complaint because the plaintiff cannot assert a cause of action for unjust enrichment if the relationship between the parties is founded upon an express contract. *See* defendant's motion for partial summary judgment ¶ 29. In response, the plaintiff argues that under Pennsylvania case law, a plaintiff can plead a cause of action under the theory of unjust enrichment in the alternative to a breach of contract claim.

"The elements for unjust enrichment, essentially an equitable doctrine, are as follows: benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995). Further, while the applicability of the doctrine depends on the facts of a particular case, "the most important factor to be considered...is whether the enrichment of the doctrine is *unjust*." *Id.* (emphasis in original). If unjust enrichment is found, then the defendant must pay to the plaintiff the value of the benefit conferred; in other words, "the defendant makes restitution to the plaintiff in quantum meruit." *Id.* at 328-29.

In support of its argument, the defendant cites to *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250 (Pa. 2006). In *Skepton*, our Supreme Court found that "the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract." *Skepton*, 895 A.2d at 1254 (internal

citations omitted). In making this determination, the court kept in mind the principle that "parties in contractual privity...are not entitled to the *remedies* available under a judicially-imposed quasi-contract...because the terms of their agreement (express or implied) define their respective rights." *Id.* (citing *Curley v. Allstate Ins. Co.*, 389 F. Supp. 2d 614, 620-21 (E.D. Pa. 2003)) (emphasis added).

Pennsylvania case law supports the notion that unjust enrichment and breach of contract can be pled in the alternative. *See Universal Builders, Inc. v. Moon Motor Lodge, Inc.*, 244 A.2d 10, 16 (Pa. 1968). If a plaintiff fails to prove a cause of action under an express contract, then he may attempt to prove a cause of action for a quasi-contract when one party receives an unjust enrichment at the expense of another, as long as he sets forth a cause of action for unjust enrichment in the complaint. *See Birchwood Lakes Cmty. Assoc., Inc. v. Comis*, 442 A.2d 304, 308-09 (Pa. Super. 1982). Accordingly, "[w]hile [a] plaintiff cannot ultimately recover on both theories of contract and unjust enrichment, [a] plaintiff may plead unjust enrichment in the alternative along with a claim for breach of contract." *Duane Morris, LLP v. Todi*, 2002 WL 31053839, at *6 (Ct. Com. Pl. 2002) (citing *Birchwood*, 442 A.2d at 308).

In the instant case, we find that the plaintiff has pled both a claim for breach of contract and in the alternative, a cause of action for unjust enrichment. Our Rules of Civil Procedure specifically provide for the alternative pleading of causes of action. *See* Pa.R.C.P. 1020(c). Further, our Superior Court has held that "theories of breach of contract and unjust enrichment *must* be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven." *Lugo v. Farmers*

*Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. 2009); *see also Birchwood*, 442 A.2d at 308-09.

The defendant correctly identifies case law in its brief that prohibits plaintiffs from recovering under both breach of contract and unjust enrichment claims. *See Skepton*, 895 A.2d at 1254. However, under Pennsylvania case law, where a plaintiff fails to prove a cause of action on an express contract, he may then attempt to prove his cause in quasi-contract — so long as the complaint averred the two causes of action. *See Birchwood*, 442 A.2d at 308-09. (Plaintiff brought actions both in contract and in unjust enrichment).

Thus, should a plaintiff's breach of contract claim fail, unjust enrichment serves as an equitable remedy under which a defendant must recoup to the plaintiff the amount by which it has been unjustly enriched. *See Universal Builders*, 244 A.2d at 16.

The plaintiff has adequately pled a cause of action for unjust enrichment in its complaint. *See Schenck*, 666 A.2d at 328. The plaintiff avers that the defendant engaged its services and that it relied on the defendant's representations of payment in completing the work. *See* complaint ¶¶ 27-29. Further, the plaintiff asserts that the defendant has received a benefit from the work performed by the plaintiff without paying for it. *Id.* at ¶¶ 30-31. As such, the plaintiff asserts that it is entitled to compensation in the amount in which the defendant has been unjustly enriched, in the alternative to its breach of contract cause of action. *Id.* at ¶¶ 32-38.

Because Pennsylvania law permits plaintiff to plead in the alternative, we deny the defendant's motion for partial summary judgment with regard to count II of the plaintiff's complaint.