## Henry v. Lehigh and Northampton Transportation Authority

C.P. of Northampton County, No. C-48-CV-2012-2380

*Christopher J. Culleton*, for plaintiff.
*Richard L. Orwig*, for defendant.

BARATTA, *J.*, June 11, 2014—

## ORDER OF COURT

And now, this 11th day of June, 2014, upon consideration of the defendant, Lehigh and Northampton Transportation Authority (LANTA)'s, motion for summary judgment, and the plaintiff, Deborah Henry, Executrix of the Estate of Anthony Kowzun, deceased's, response thereto, it is hereby ordered that said motion is disposed of as follows:

1. The motion is denied with regard to the negligence claim (count I); and

2. The motion is granted with regard to the wrongful death (count II) and survival (count III) claims.

## STATEMENT OF REASONS

### Facts and Procedural History

On March 8, 2012, the plaintiff, Deborah Henry, Executrix of the Estate of Anthony Kowzun, Deceased, filed a complaint. In this complaint, the plaintiff avers that the decedent, Anthony Kowzun, died of an accidental overdose of narcotic prescription pain medicine on May 9, 2011, because the decedent required this treatment due to the injuries sustained after he was struck with a shopping cart upon the sudden stop of the LANTA bus on August 9, 2010. The plaintiff alleges that the death of the Mr. Kowzun "was caused solely and exclusively by the negligence and carelessness of the defendant, Lehigh and Northampton Transportation Authority (LANTA), and was due in no manner to any act or failure to act on the part of the plaintiff's decedent." *See* complaint, ¶ 8.

The facts, as established by the record and cast in the light most favorable to the plaintiff, the non-moving party, show that on August 9, 2010, the decedent went to the front of the LANTA bus to talk with the driver of the regarding a connection at a subsequent bus stop. While the decedent stood near the front of the bus, the driver suddenly stopped the bus, causing another passenger's portable shopping cart to be released down the aisle and to strike the decedent. *See id.* at ¶¶ 5-8; deposition of Ismael Torres, Jr., 1/09/13, at 40:9-44:15. The decedent allegedly suffered "severe and permanent" injuries as a result of this incident that required treatment with narcotic

pain medication. Complaint at ¶¶ 5-6. On May 9, 2011, nine months later, the decedent died of "an accident[al] overdose of narcotic prescription pain medication," which was allegedly prescribed to him as a result of this incident. *Id.* at ¶ 7.

The plaintiff sets forth the following causes of action in the complaint: negligence (count I), wrongful death (count II), and survival (count III). The plaintiff seeks damages for medical care, loss of earning capacity, other financial losses, permanent loss of a bodily function, loss of enjoyment of life, physical pain, suffering and mental anguish under the negligence cause of action. *See* complaint at ¶¶ 13-18. For the wrongful death claim, the plaintiff seeks reimbursement for expenses incurred in connection with the decedent's death. *Id.* at ¶ 26. Finally, under the survival action, the plaintiff seeks damages for pain and suffering, and for the amount paid for medical treatment for the injuries resulting from the incident. *Id.* at ¶ 32.

On April 5, 2012, the defendant filed its "answer of defendant Lehigh and Northampton Transportation Authority to plaintiff's complaint with affirmative defenses." In paragraphs 39 and 40 of the new matter in the form of affirmative defenses ("new matter"), the defendant avers that it is a "local agency" under the Governmental Immunity Act of October 5, 1980, 42 Pa.C.S.A. § 8541, *et seq.*, such that the plaintiff's recovery of damages is barred in whole or in part. In paragraph 44 of its new matter, the defendant avers that the plaintiff has not set forth facts indicating a causal link between its actions and the decedent's injuries.

On March 7, 2014, the defendant filed its motion for summary judgment and brief in support. The defendant

argues in its motion that the plaintiff's damages are limited under local agency/governmental immunity, and that the plaintiff's medical expert report fails to establish any causal relationship between the bus incident and the death of the decedent. With regard to the second argument, that the plaintiff failed to establish the requisite causal relationship, the defendant incorporates the following portion of the plaintiff's medical expert report:

> Patient's emotional baseline of mild depression and anxiety was being treated and stable prior to the accident and these worsened since the accident and he became increasingly unstable emotionally. His mood, anxiety level and quality of sleep all became worse since the accident. He had been advised psychiatric consultation for these as well.

> His situation at work also deteriorated since the accident which resulted in chronic neck, low back and calf pain, and the requirement of pain control with stronger pain medications all contributed to worsening job performance. He was not as effective at the tasks of his job in marketing. This also led to him losing his job in approximately late 2010.

> These events and medical problems did contribute to his eventual demise in April, 2011.

Defendant Lehigh and Northampton Transportation Authority's motion for summary judgment ¶ 35, exhibit "C" — Medical expert report by A. John Titus, M.D. of The Rock Wellness Center (May 9, 2013).

We also note that Dr. Titus' report indicates that as a result of the shopping cart incident, the decedent suffered a "contusion of the calf" which "did heal over the next few months." *Id.* Interesting, Dr. Titus noted that the

decedent also complained of "intense neck pain, and low back pain" for which the decedent "was placed on pain medications for the next 8 months [until his death]." *Id.* Dr. Titus also noted that an MRI report of 2010 established that the decedent suffered from "multilevel disk disease of the cervical spine involving at least three levels with disk herniations and disk desiccation." *Id.* However, nowhere in his report does Dr. Titus opine that the cervical (neck) disk herniations and disk desiccation were caused by the shopping cart bump to the back of the decedent's calf.

The defendant also produced its competing expert opinion authored by Dr. Larry A Rotenberg, M.D. Dr. Rotenberg noted that the decedent "had long standing, chronic and severe mental health issues, as well as drug and alcohol issues, as well as significant difficulties in interpersonal relationships." *See* defendant's motion for summary judgment, exhibit "D" — Rotenberg letter/report (July 18, 2013). Further, Dr. Rotenberg opined "within a reasonable degree of medical certainty that Mr. Kowzun's death on 05/09/11, was not caused by the incident on the bus, which occurred on August 12, 2010." *Id.*

On March 28, 2014, the plaintiff filed "plaintiff's answer in opposition to defendant's motion for summary judgment" and "plaintiff's memorandum of law in opposition to defendant's motion for summary judgment." In the answer in opposition, the plaintiff argues that genuine issues of material fact exist as to whether the defendant was negligent and whether the defendant's negligence caused or contributed to the decedent's death. The plaintiff further asserts that this case falls within an exception to governmental immunity, allowing for recovery. In support of the assertion that genuine issues of material fact exist with regard to causation, the plaintiff offers that Dr.

Titus opines in his expert report that: "These events and medical problems did contribute to his eventual demise . . . ." Plaintiff's memorandum of law in opposition to defendant's motion for summary judgment, exhibit "C." The plaintiff argues that this statement is sufficient proof of causation, barring entry of summary judgment.

This matter was placed on the argument list of May 27, 2014, and argument was heard.

### Legal Standard

Pennsylvania Rule of Civil Procedure 1035.2 states:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury.

Pa.R.C.P. 1035.2.

Further, under Pa.R.C.P. 1035.3(a), the nonmoving party may not rest upon mere allegations or denials of the pleadings but must file a response within thirty (30) days after service of the motion. In other words, the nonmoving party has a clear and affirmative duty to respond to a motion

for summary judgment. *Harber Phila. Ctr. City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1104 (Pa. Super. 2000). Also, Pa.R.C.P. 1035.3(d) specifically provides that "[s]ummary judgment may be entered against a party who does not respond." *Id.*

Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pa. State Ethics Comm'n*, 723 A.2d 174, 176 (Pa. 1999) (citing *Marks v. Tasman*, 589 A.2d 205 (Pa. 1991)). Summary judgment is only appropriate in the clearest of cases, because an order favorable to the moving party will prematurely end an action. *Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602, 605 (Pa. Super. 1997) (citations omitted). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *O'Rourke v. Pa. Dep't of Corr.*, 730 A.2d 1039, 1041 (Pa. Commw. Ct. 1999) (citing *Kee v. Turnpike Comm'n*, 722 A.2d 1123 (Pa. Commw. Ct. 1998)). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law." *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) (quoting *Young v. PennDOT*, 744 A.2d 1276, 1277 (Pa. 2000)) (omission in original) (internal quotation marks omitted). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1041 (Pa. 1996) (citation omitted).

Under the *Nanty-Glo* Rule, summary judgment may not be granted where the moving party relies exclusively

on oral testimony, either through testimonial affidavits or deposition testimony to establish the absence of a genuine issue of material fact. *Nanty-Glo Borough v. American Surety Co.*, 163 A. 523, 524 (Pa. 1932); *see also Penn Center House, Inc. v. Hoffman*, 553 A.2d 900, 903 (Pa. 1989); *White v. Owens Corning Fiberglas, Corp.*, 668 A.2d 136, 142 (Pa. Super. 1995); *Garcia v. Savage*, 586 A.2d 1375, 1377-78 (Pa. Super. 1991); *O'Rourke*, 730 A.2d at 1041 (citing *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736 (Pa. Commw. Ct. 1997)).

## Discussion

### A. Wrongful Death and Survival Causes of Action

We first address the defendant's second argument, that the plaintiff has offered insufficient proof of causation to sustain the separate causes of action for wrongful death (count II) and survival (count III).

These actions are codified in Pennsylvania's wrongful death act and survival act, 42 Pa.C.S. §§ 8301 and 8302. The purpose of the wrongful death Act is to compensate the spouse, children or parents of a decedent for the loss of earnings of the deceased occasioned by the negligence of a defendant(s). The survival act allows a personal injury action brought by the decedent's personal representative. Both are derivative actions, in that each is based on the existence of an underlying negligence action.

A plaintiff must prove the following four elements to recover in an action for negligence:

1. A duty or obligation recognized by law.

2. A breach of the duty.

3. *Causal connection between the actor's breach of the*

*duty and the resulting injury.*

4. Actual loss or damage suffered by the complainant.

*Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005) (emphasis in original).

With regard to the third element, a plaintiff must establish a causal connection between the defendant's breach and the plaintiff's injury by showing that the defendant's conduct was the proximate cause of the plaintiff's injury. *See Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978). In order to do so, "[a] plaintiff has the burden of proving that the defendant's negligent act was a 'substantial factor' in bringing about the injuries for which damages are sought." *Frangis v. Duquesne Light Co.*, 335 A.2d 796, 799 (Pa. Super. 1975). The substantial factor test for determining whether a party's negligence was the proximate or legal cause of another's injury is as follows:

The actor's negligent conduct is a legal cause of harm to another if:

(a) his conduct is a substantial factor in bringing about the harm, and

(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in harm.

Restatement (Second) of Torts § 431 (1965); *see Wisniewski v. Great Atlantic & Pacific Tea Co.*, 323 A.2d 744, 748 (Pa. Super. 1974).

Section 433 of the Restatement (Second) of Torts sets forth a method of determining whether concurrent negligent conduct is a substantial factor in producing the injury:

The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing harm to another:

(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

(c) lapse of time.

Restatement (Second) of Torts § 433 (1965).

Although Pennsylvania law has not change with regard to causation, we do note that *Gorman v. Costello*, 929 A.2d 1208 (Pa.Super 2007), discussed the confusion related to the difficulty in drafting appropriate jury charges defining causation. *Gorman* defined the term causation as the "factual cause" of the damages. *Id.* at 1212. Further, the *Gorman* Court cited from the Pennsylvania Suggested Standard Civil Jury Instructs (SSJI Civ) 3.15 that:

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome it, in the absence of the act, the outcome would not have occurred.

The determination with regard to causation is normally a question of fact for the jury: "the question is to be removed from the jury's consideration only where it is clear that reasonable minds could not differ on the

issue." *Hamil*, 392 A.2d 1284-85. Further, our Supreme Court has observed that "the determination of whether an actor's conduct was a substantial cause of the injuries complained of should not be taken from the jury if the jury may reasonably differ about whether the conduct of the actor has been a substantial factor in causing the harm." *Taylor v. Jackson*, 643 A.2d 771, 776 (Pa. Commw. Ct. 1994) (quoting *Ford v. Jeffries*, 379 A.2d 111 (Pa. 1977)). A plaintiff need not exclude every possible explanation; instead, "it is enough that reasonable minds are able to conclude that the preponderance of the evidence shows defendant's conduct to have been a substantial cause of the harm to plaintiff." *Hamil*, 392 A.2d at 1285.

With regard the evidence required to prove causation, "if the ultimate determinations lie beyond the knowledge or expertise of the average layperson, expert testimony is permitted (and sometimes required) to aid the jury in understanding the factors involved and the teaching of the pertinent discipline with respect thereto." *Id.* Moreover, "it is generally acknowledged that the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson." *Id.* As such, expert medical testimony must be employed and such testimony must "establish that the injury in question did, *with a reasonable degree of medical certainty*, stem from the negligent act alleged." *Id.* (emphasis added). Unless a plaintiff's medical expert can form an opinion with a reasonable degree of medical certainty, "there is nothing on the record which a jury can make a decision with sufficient certainty so as to make a legal judgment." *Id.* (quoting *McMahon v. Young*, 276 A.2d 534 (Pa. 1971)).

Plaintiff's brief in opposition to summary judgment misses the legal argument asserted by the defendant in

relation to counts II and III. Instead, plaintiff identifies and argues one issue in its brief: there exists an "issue of material fact as to whether defendant was negligent as to its operation of its bus such that granting summary judgment to defendant would be improper." Plaintiff's brief at 1.

Actually, defendant's theory as to the propriety of summary judgment for counts II and III involves the attack on the factual record produced by plaintiff. The defendant asserts that plaintiff's evidence, even if accepted by the jury, cannot establish the element of causation for the claims of wrongful death and survival.

Here, plaintiff acknowledges in its complaint that the decedent's immediate cause of death was an accidental overdose of medication. Complaint ¶ 7. We submit that the drug overdose is the factual cause. However, we will also agree that it may be possible to have a concurring cause of death.

Under *Powell v Drumheller*, 653 A.2d 619 (Pa. 1995), our Supreme Court has defined a concurring cause as one which is "also responsible for producing the injury." *Id.* at 622. According to the *Powell* Court, "[if] a defendant's actions were a substantial factor in bringing about the harm, the fact that there is a concurring cause does not relieve the defendant of liability." *Id.* The *Powell* court recognized concurrent causes exist where each is a substantial factor in causing the harm.

The plaintiff here attempts to commingle separate and independent injuries — the pain allegedly cause by the bump to the back of the leg by a shopping occurring in 2010, with the death caused by the drug overdose in 2011 — and then, without any reasonable support, wants this court to accept an assertion that allegation of pain in

the decedent's leg is a factual cause of a drug overdose, even though any reasonable review of Dr. Titus' report suggests that that the calf injury, caused by the shopping cart, resolved months prior to Dr. Titus prescribing pain medication for the decedent's degenerating cervical spine.

The only record that the plaintiff has relies upon for the claim that the shopping cart hitting the leg caused the decedent's death is that notation in Dr. Titus report, which sets forth that "These events [of which the bump in the back of the leg by the shopping cart is one of the "events"] and medical problems did contribute to [the decedent's] eventual demise in April, 2011." Dr. Titus does not state that the shopping cart bumping into the back of the leg upon the sudden stop of the LANTA bus caused the death of Mr. Kowzun, was the cause of the overdose, or was a factual cause of his death. Further, his reference that "events and medical problems did contribute to his eventual demise" is not an opinion as to causation nor is it a finding made to a reasonable degree of medical certainty.

Clearly, the only reasonable conclusion, based upon the entire record, is that the direct, factual cause of the decedent's death was the decedent's abuse of his prescription medication. Frankly, given the record presented to us and considering Dr. Titus' opinion, it would be far more reasonable to conclude that the physician who prescribed the medication to "control" the decedent's pain is a far more likely concurring cause of the decedent's death than the defendant bus company.

Finally, we conclude that after applying the criteria set forth in section 433 of the Restatement (Second) of Torts for evaluating concurrent causes, the alleged negligence of the defendant is not a substantial factor or concurring factor in causing the decedent's death. First, with regard

to the other contributing factors, chief among them is that the decedent died from an overdose of pain medication, a fact conceded by both parties. The decedent did not die as a direct injury sustained during the incident in question. Second, the defendant's conduct in this case has not created a force or series of forces in active or continuous operation until the time of the decedent's death. Instead, the decedent received medication, prescribed by a doctor, to address "multilevel disk disease of the cervical spine involving at least three levels with disk herniations and disk desiccation," which the decedent abused and caused his own death by overdose. Third, approximately a year elapsed from the date of the incident until the date of the decedent's death. While the third prong, the passage of time, does not warrant summary judgment by itself, in combination with the other facts it contributes in establishing that the shopping cart incident was not a substantial factor in the decedent's death.

In conclusion, Dr. Titus's medical expert report is insufficient to support causation in this case. The report appears to be a summary of Dr. Titus's treatment of the decedent, with a passing reference to "events" and other "medical problems" that "did contribute" to the decedent's death. It is not a definitive report that establishes the shopping cart bump to the back of the decedent's leg as a factual or substantial cause of the decedent's death.

There is no reasonable record by which a jury can find for plaintiff. Therefore, we grant the defendant's motion for summary judgment as to counts II and III for wrongful death and survival.

B. Negligence Cause of Action

With regard to the negligence claim, however, we are

on a different footing. Summary judgment should not be granted for the negligence claim with respect to the damages sought as a result of the injuries the decedent incurred after he was struck on the back of his leg by the shopping. First, the defendant is a "local agency" pursuant to the Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, which limits the recovery available to the plaintiff. The plaintiff has asserted that injuries to the decedent were caused by "the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties." 42 Pa.C.S.A. § 8542(a)(2). Further, the alleged act by the local agency or its employees falls within one of the exceptions to governmental immunity, vehicle liability, as the plaintiff asserts that the defendant or its employee acted negligently, which caused the injury to the decedent. *See* 42 Pa.C.S.A. § 8542(b)(1).

Damages, however, may be limited under the Tort Claims Act, under the following provision:

(c) Types of losses recognized. — Damages shall be recoverable only for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering in the following instances:

(i) death; or

(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance,

hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Loss of support.

(6) Property losses.

42 Pa.C.S.A. §.8553(c).

As demonstrated by the inclusion of this paragraph, recovery for pain and suffering requires proof of death, permanent loss of a bodily function, or permanent disfigurement or dismemberment if certain medical expenses exceed $1,500. Here, the plaintiff has proffered facts that support a finding that the decedent suffered an injury to his calf as a result of this incident. The defendant has not contested this fact. Additionally, there is no basis in the record to determine if the $1,500 cap applies. Thus, this issue must be submitted to the trier of fact.

The plaintiff has also presented sufficient evidence of negligence causing injury to the decedent. A reasonable jury could find that the defendant's negligence caused injury to the decedent, as evidenced by deposition testimony of the sudden stop, the shopping cart striking the decedent, and the decedent's immediate complaint of injury. Dr. Titus's report also indicates the existence of an injury to the decedent's calf as a result of the incident.

We therefore deny the plaintiff's motion for summary judgment with regard to the cause of action for negligence brought in count I.