IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristin Newvine,                         :
              Appellant      :
                                 :
      v.                             : NO. 1331 C.D. 2017
                                 : ARGUED: June 4, 2018
Jersey Shore Area School District        :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                     FILED: July 19, 2018


Kristin Newvine appeals from the August 21, 2017 Order of the Court of Common Pleas of Lycoming County (Trial Court) granting Jersey Shore Area School District's (School District) Motion for Summary Judgment and dismissing Newvine's Complaint. We conclude that Newvine failed to establish that her damages from a slip-and-fall on School District's property are recoverable at common law and, thus, School District is immune from suit under what is commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-8564. Therefore, we affirm the Trial Court's Order.

## Background

On the morning of January 12, 2015, School District operated on a two-hour delay due to a freezing rain storm. Newvine Dep., 12/21/16, at 33. Between 5:00 a.m. and 10:00 a.m., three School District salt trucks and a ground crew salted the parking lots and walkways at Jersey Shore Area High School, where Newvine was a student.

Newvine Resp. to Mot. for Summ. J., Ex. C.  At 10:00 a.m., Newvine was injured when she slipped and fell on ice in the student parking lot.  Newvine Dep., 12/21/16, at 42, 45.

On May 23, 2016, Newvine filed a Complaint against School District, alleging that her fall and resulting injuries were caused by School District's negligent, willful, wanton and/or reckless conduct.[1]  Newvine averred that on the morning of January 12, 2015, she arrived at the high school parking lot, "exited her car, proceeded to walk towards the back of her car, when she stepped on hills and ridges of ice and snow located on the blacktop, which hills and ridges of ice and snow caused her feet to slip out from underneath her whereupon she suddenly and violently struck the ground . . . ." Compl. ¶ 4.  As a result of this fall, Newvine averred that she sustained a trimalleolar fracture of her right ankle.  *Id*. ¶ 10.

School District filed an Answer with New Matter, asserting, *inter alia*, that School District was immune from suit under the Tort Claims Act and that Newvine's cause of action was barred by the hills and ridges doctrine.[2]

---

[1] Specifically, Newvine alleged that School District was negligent in failing to:  warn Newvine of the existence of an accumulation of snow and ice in the form of hills and ridges on its property; place a melting agent on the accumulation of ice and snow on the property; properly inspect the premises for the existence of snow and ice; remove an unreasonably dangerous condition; place barricades around the unreasonably dangerous condition; place an anti-skid material on the accumulation of snow and ice on the property; maintain the property so that snow and ice would not collect in the area where Newvine fell; and clear the area of ice and snow despite actual knowledge of the dangerous condition on its property.  Compl. ¶ 18(a)-(h).

[2] The hills and ridges doctrine is "a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Biernacki v. Presque Isle Condos. Unit Owners Ass'n*, 828 A.2d 1114, 1117 (Pa. Super. 2003).

2

On June 27, 2017, after the completion of discovery, School District filed a Motion for Summary Judgment, alleging that: (1) Newvine's claims were barred by the hills and ridges doctrine because she fell on a smooth sheet of invisible ice created by ongoing freezing rain; and (2) alternatively, Newvine's claims were barred because School District lacked notice of the invisible ice on which Newvine fell. Newvine filed a Response to the Summary Judgment Motion on August 2, 2017.

On August 21, 2017, after a pre-trial conference and briefing by the parties, the Trial Court granted School District's Summary Judgment Motion and dismissed Newvine's Complaint. The Trial Court concluded that: (1) School District was immune from suit under the Tort Claims Act; and (2) Newvine did not establish an exception to School District's governmental immunity because she failed to show that her damages were recoverable at common law. Specifically, the Trial Court found that "the [common law] hills and ridges doctrine precludes recovery because . . . Newvine did not adduce evidence that generally slippery conditions did not exist at the time and place of her fall." Trial Ct. Order, 8/21/17, at 1.

Relying on the Pennsylvania Supreme Court's decision in *Gardner by Gardner v. Consolidated Rail Corp.*, 573 A.2d 1016 (Pa. 1990), the Trial Court also determined "that Section 323 of the Restatement (Second) of Torts[3] does not apply to impose a

---

[3] Section 323 of the Restatement (Second) of Torts (Restatement Section 323) provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (Am. Law Inst. 1965).

duty on [a] government [entity] that did not already exist." *Id.*[4]  In its Opinion, the

Trial Court explained that it was "bound [by *Gardner*] to conclude [that Restatement]

Section 323 does not impose a duty (that did not otherwise exist) upon a governmental

entity from an assumption of an undertaking, such as snow removal." Trial Ct. Op.,

11/16/17, at 4.  Therefore, the Trial Court concluded that School District was entitled

to judgment as a matter of law.   Newvine now appeals from that decision.

## Parties' Arguments on Appeal

Newvine first argues that the Trial Court improperly invoked the hills and ridges

doctrine to preclude her cause of action.[5]  The hills and ridges doctrine exists to allow

---

[4] *Gardner* involved consolidated appeals that "rais[ed] the question of whether a city may be held liable when children going to or from holes in city-owned fences are injured on neighboring land through instrumentalities not created by the city and not in the city's control." 573 A.2d at 1017.  The plaintiffs had asserted that the City of Philadelphia, though generally immune from suit, could be held liable at common law under Restatement Section 323.  The Supreme Court, however, rejected this claim, stating:  "[Restatement] Section 323 does not apply to government, for government does not act either gratuitously or for consideration, as is required by [Restatement] Section 323, but pursuant to its required or discretionary duties in the process of governing.  [Restatement] Section 323 . . . cannot be used to create a duty that did not heretofore exist." *Id.* at 1020.  The *Gardner* Court concluded:

> Had the children been injured *by the fences* in these cases, our view might well be different, but where the injury is on the land of another and is produced by voluntary exposure to an obvious hazard over which the city had no control, and the only connection between the injury and the allegedly poorly maintained fences is that those injured passed through or walked towards holes in the fences, the holes in the fence are not the proximate cause of the injuries.  It follows that the city owes no duty of care to persons who crawl through or walk toward holes in city fences bordering city land and are injured on neighboring land by instrumentalities over which the city has no control and which the city did not maintain or bring into being.

*Id.* at 1021 (emphasis in original).  Therefore, because the plaintiffs failed to establish a cause of action at common law, the Supreme Court held that their claims were barred by the Tort Claims Act. *Id.*

[5] We note that it was Newvine, not the Trial Court or School District, who initially invoked the hills and ridges doctrine in her Complaint.  *See* Compl. ¶¶ 4, 18(a).

4

a possessor of land sufficient time, after having notice of an unreasonably dangerous condition of snow and ice, to remedy the unreasonably dangerous condition. Newvine asserts that School District had actual notice of the slippery condition of its parking lots and walkways on the morning of January 12, 2015. Between 5:00 a.m. and 10:00 a.m., School District acted to correct the dangerous condition for its business invitees—the students, teachers and staff of the high school. Newvine claims, however, that School District negligently failed to correct the slippery condition in the area of her fall. Thus, Newvine asserts that School District is not shielded from liability simply because there were no "hills and ridges" of ice in the student parking lot.

Next, Newvine argues that School District is liable for negligently undertaking to salt the parking lots under Restatement Section 323. According to Newvine, long before the adoption of Restatement Section 323, Pennsylvania courts recognized a cause of action for injury due to reliance on another person's negligent performance of a voluntarily assumed duty. Newvine claims that the evidence established that: School District applied salt to its parking lots and walkways for nearly five hours; School District compelled its students to attend school; and Newvine fell in an area that was not treated with salt. Therefore, she contends that School District is liable for its negligent performance of a voluntarily assumed duty.

Newvine further argues that the Trial Court erroneously relied on non-precedential dicta in *Gardner*, which stated that Restatement Section 323 does not apply to a governmental entity for assuming a greater duty to remedy a dangerous condition of its property. According to Newvine, the Trial Court took the phrase "gratuitously or for consideration" out of context, incorrectly treating it as doctrine that trumped Pennsylvania common law, which has long recognized liability for negligent performance of an assumed duty.

5

Finally, Newvine asserts that School District is liable under Section 324 of the Restatement (Second) of Torts (Restatement Section 324).[6] Restatement Section 324 applies when a person is rendered helpless by a force of nature, such as the ice in this case. Newvine claims that she relied on School District's two-hour delay and five hours of salting the parking lots and walkways; however, School District negligently failed to salt the area where she was injured. Thus, Newvine contends that she relied on School District's actions to her detriment.

In response, School District argues that the Trial Court properly concluded that Newvine's cause of action is barred by the hills and ridges doctrine, which is the controlling doctrine in Pennsylvania for slip-and-fall cases on snow and ice. School District asserts that the evidence established that Newvine slipped and fell on a smooth, invisible sheet of "black ice" during, or minutes after, a freezing rain storm. According to School District, it is undisputed, even by Newvine, that there were no hills and ridges of ice where Newvine fell; rather, the ice patch resulted naturally from the ongoing freezing rain, which created generally slippery conditions in the community.

School District also argues that the Trial Court properly concluded that School District cannot be held liable for negligently undertaking to clear its parking lots of ice under Restatement Section 323. The *Gardner* Court held that Restatement Section 323 cannot be used to impose a duty that does not otherwise exist at common law. School

---

[6] Section 324 of the Restatement (Second) of Torts provides:

> One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

Restatement (Second) of Torts § 324 (Am. Law Inst. 1965).

6

District contends that because the hills and ridges doctrine precludes Newvine's recovery at common law, Restatement Section 323 is inapplicable.

Finally, School District asserts that Newvine's claim based on Restatement Section 324 is waived because she failed to include it in her Pa. R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal (Rule 1925(b) Statement). Even if Newvine had properly preserved that claim, School District contends that Restatement Section 324 is inapplicable because Newvine, a high school junior, was not "helpless" to protect herself and because the legislature has not waived School District's immunity for claims arising under Restatement Section 324.

## Analysis

Our review of the Trial Court's grant "of summary judgment is limited to determining whether the [T]rial [C]ourt committed an error of law or an abuse of discretion." *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736, 738 n.2 (Pa. Cmwlth. 1997). Summary judgment is appropriate only in cases where the record clearly demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pa. State Ethics Comm'n*, 723 A.2d 174, 176 (Pa. 1999). This Court must view the record in the light most favorable to the non-moving party, resolving all doubts about the existence of a genuine issue of material fact against the moving party. *Id.*; *see Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608, 613 (Pa. Cmwlth. 2006).

In granting School District's Summary Judgment Motion, the Trial Court concluded that School District was immune from suit under the Tort Claims Act and that Newvine failed to establish an exception to School District's immunity. Section 8541 of the Tort Claims Act states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of injury to a person or

7

property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. School districts are considered local agencies entitled to immunity under the Tort Claims Act. *Taylor v. Ne. Bradford Sch. Dist.*, 101 A.3d 144, 147 (Pa. Cmwlth. 2014).

The exceptions to local agency immunity appear in Section 8542 of the Tort Claims Act, which provides in relevant part:

> **(a) Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter **if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b)**:
>
>> (1) **The damages would be recoverable under common law** or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>>
>> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b).
>
> **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . .
>
>> (3) **Real property.**—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa. C.S. § 8542(a), (b)(3) (emphasis added). For a plaintiff to recover against a local agency under the Tort Claims Act, "**there must be, as a threshold matter, a cause of action at common law allowing the recovery of damages on these facts against a person not protected by governmental immunity**, and the agency or its employees must have been negligent with respect to the care, custody or control of real property." *Gardner*, 573 A.2d at 1018 (emphasis added).

The Trial Court concluded as a matter of law that Newvine failed to establish the first requirement for invoking an exception to School District's immunity—that her damages are recoverable at common law. *See* 42 Pa. C.S. § 8542(a)(1). For the reasons that follow, we agree with the Trial Court that Newvine failed to satisfy this threshold requirement.

### 1. Hills and Ridges Doctrine

The Trial Court first determined that Newvine's cause of action was barred by the common law hills and ridges doctrine. The hills and ridges doctrine is a "clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow." *Moon v. Dauphin Cty.*, 129 A.3d 16, 22 (Pa. Cmwlth. 2015) (quoting another source). The hills and ridges doctrine "protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Id.* at 22-23.

To recover for injuries resulting from a fall on ice or snow, the plaintiff must prove that: (1) snow or ice accumulated in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians; (2) the property owner had actual or constructive notice of such condition; and (3) the dangerous accumulation of snow or ice caused the plaintiff to fall. *Mahanoy Area Sch.*

9

*Dist. v. Budwash*, 604 A.2d 1156, 1158 (Pa. Cmwlth. 1992). The accumulation of snow or ice must be "of sufficient size to constitute an unreasonable obstruction to travel." *Williams v. Shultz*, 240 A.2d 812, 813 (Pa. 1962) (quoting another source). Once hills and ridges of ice or snow form, a property owner's only duty is "to act **within a reasonable time** after notice to remove the snow and ice when it is in a dangerous condition." *Biernacki v. Presque Isle Condos. Unit Owners Ass'n*, 828 A.2d 1114, 1117 (Pa. Super. 2003) (emphasis added).

Our Supreme Court has stated that "proof of hills and ridges is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community." *Williams*, 240 A.2d at 813. However, in the absence of recent precipitation, "[w]here . . . a specific, localized patch of ice exists on a sidewalk otherwise free of ice and snow, the existence of 'hills and ridges' need not be established." *Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971).

Newvine contends that the hills and ridges doctrine is inapplicable here because the ice patch on which she fell did not result from general slippery conditions, but from School District's neglect. Newvine relies primarily on the testimony of High School Principal Reed Mellinger, who testified that when he arrived at the accident scene, he encountered slipperiness on the steps adjacent to the area of the student parking lot where Newvine fell. Mellinger Dep., 6/8/17, at 15-16, 19; *see* Reproduced Record (R.R.) at 165a (photo of accident scene).[7] Principal Mellinger further testified that: he

---

[7] This photo was appended to Newvine's Brief in Opposition to School District's Motion for Summary Judgment. In the photo, the steps adjacent to the area of Newvine's fall appear to be made of a concrete-type material. *See* R.R. at 165a. It is undisputed that Newvine did not fall on the steps; she fell on the blacktop in the student parking lot adjacent to those steps. Compl. ¶ 4; Newvine Dep., 12/21/16, at 47-48.

had no trouble walking through the other school parking lots; the parking lots had been treated with salt; and he did not know why the steps near Newvine's fall were slippery. Mellinger Dep., 6/8/17, at 11-13, 23-24.[8] Moreover, Newvine specifically testified that she did not observe icy conditions in the student parking lot before the accident and that the lot did not look glossy and appeared dry. Newvine Dep., 12/21/16, at 37-38, 43-45, 50. According to Newvine, this evidence shows that she fell on an isolated patch of ice caused by School District's neglect, not by general slippery conditions. We disagree.

We conclude that the evidence of record is uncontroverted that general slippery conditions existed in the community at the time of Newvine's fall. Principal Mellinger testified that when he walked outside to survey the accident scene minutes after the fall, freezing rain was still falling. Principal Mellinger stated, "It was precipitating the whole time I was out there." Mellinger Dep., 6/8/17, at 18. When asked what type of precipitation was falling, he replied, "I would probably classify it as freezing rain occurring at that time . . . ." *Id.* at 19. Moreover, Principal Mellinger testified that while he was examining the accident scene, a custodian called to notify him that "someone else in another location, not here, but actually behind the [high school] building, had fallen." *Id.* at 17. Principal Mellinger then directed the custodian to "go out and please make sure that the—all of the walks—go out and do a survey of the walks and make sure everything is as it should be and nothing needs attention." *Id.*

At her deposition, Newvine testified that, on the morning of January 12, 2015, the weather was "rough . . . icy, slick, wet, freezing rain, sleet, generally January weather." Newvine Dep., 12/21/16, at 34. Newvine described the conditions when she

---

[8] High school teacher Thomas Neuschafer, who arrived at the scene shortly after the accident, also testified that the steps adjacent to the area of Newvine's fall were slippery. Neuschafer Dep., 6/8/17, at 11-12.

left for school that morning as "wet, icy, slippery." *Id.* at 33. During her 10-minute drive to school, Newvine observed that the major roads had been salted and were not slippery. *Id.* at 35. Newvine testified, however, that when she turned her Jeep Cherokee onto the road leading to the high school parking lot, that road was untreated and slippery. *Id.* at 37-38. According to Newvine, it was precipitating when she left home but stopped before she arrived at school. *Id.* at 34-35.

After parking and exiting her vehicle, Newvine walked to the rear driver's side door to retrieve her backpack, returned to the front driver's side door to get a water bottle, began walking toward the school building, and then slipped and fell on the blacktop. *Id.* at 42-45, 47. Newvine testified that she "blacked out" before hitting the ground and that when she woke up, she was lying on her back. *Id.* at 51-52. Newvine then described the condition of the area in which she fell as follows:

Q. When you felt around with your left hand what did you feel specifically?

A. It was like a solid sheet of glass. I couldn't even feel the bumps of the pavement.

Q. So it was completely smooth?

A. Yes, it was very strange to me because it didn't look that way, but when you touch it it was smooth.

Q. Was it discolored at all?

A. No.

Q. Just regular black parking lot color?

A. Yes. The only way I knew the ice was there [was] because I could feel it was frozen.

12

Q. If you hadn't put your hand down you wouldn't be able to tell by looking at it there was ice there?

A. Correct.

*Id.* at 55-56. Significantly, Newvine testified that when she regained consciousness, "[i]t was . . . sleet, freezing rain . . . to the point where my sweater had soaked through in the time that I had [blacked] out" and "[freezing rain] was running down my face . . . like you couldn't open your eyes without rain hitting you." *Id.* at 54-55.

Furthermore, weather records from the day in question showed that freezing rain began to fall in the area at 8:08 a.m. and continued through at least 10:10 a.m. *See* Sch. Dist. Mot. for Summ. J., Ex. D. At 10:00 a.m., the time of Newvine's fall, the temperature was between 28 and 28.9 degrees Fahrenheit. *See id.*

School District presented the expert report of Joseph P. Sobel, Ph.D., Director of Forensic Services at AccuWeather Forensics, who had studied the weather conditions at the high school at the time of the incident.[9] Based on his review of climatological data, including radar information, Dr. Sobel stated:

> [A]t the Jersey Shore Area High School, . . . on January 12, 2015 at 10:00 a.m., the sky was cloudy and the temperature was 31 or 32 degrees and the wind was nearly calm. Freezing rain was falling at the time in question. Off and on freezing rain of varying intensity fell at that location between 6:50 a.m. and 9:15 a.m. Rather steady freezing rain fell between 9:30 a.m. and 10:45 a.m. At 10:00 a.m. on January 12, 2015, there was a thin coating of ice on untreated and exposed surfaces at the Jersey Shore Area High School . . . .

---

[9] The record shows that Newvine filed in the Trial Court a Motion in Limine to exclude Dr. Sobel's expert report, to which School District filed a response. However, there is no indication in the record that the Trial Court ever ruled on that Motion. Newvine does not mention the Motion in Limine in either of her appellate briefs, even though School District relied on Dr. Sobel's report in its brief.

13

Sch. Dist. Mot. for Summ. J., Ex. E, at 2. Dr. Sobel opined that "[g]enerally slippery conditions existed throughout the Jersey Shore area at the time in question." *Id.*

Viewing the evidence in a light most favorable to Newvine, we conclude that there is no genuine issue of fact as to whether generally slippery conditions existed at the time of Newvine's fall. Rather, the evidence adduced during discovery is uncontroverted that generally slippery conditions existed in the community at that time. Newvine's testimony confirmed that the conditions were icy and slippery when she left for school, it was precipitating when she left for school, and the road leading to the high school parking lot was slippery. While Newvine testified that the freezing rain stopped during her 10-minute commute, she testified that it started again after she fell, while she was still unconscious. Principal Mellinger testified that freezing rain fell the entire time he was outside surveying the accident scene, and Dr. Sobel found that freezing rain fell steadily between 9:30 a.m. and 10:45 a.m. Principal Mellinger further testified that another person slipped and fell that morning at a different location on School District's property. This uncontradicted evidence shows that more than one patch of ice existed on School District's property at the time of Newvine's fall. *See Pivirotto v. United States*, No. 16-1035, 2018 WL 949314, at *6 (W.D. Pa. Feb. 20, 2018) ("For general slippery conditions to exist in the community [under the hills and ridges doctrine], it is not required that the whole property be covered in ice or snow but rather that there was some sort of precipitation . . . which froze when it hit the ground that could have caused icy patches throughout the community.").

Finally, Newvine contends that the hills and ridges doctrine is inapplicable because there is a genuine issue of fact as to whether School District failed to salt the entire student parking lot or only the area where she fell. Even if such a factual question exists, it did not preclude the grant of summary judgment in this case. In light of our

14

conclusion that generally slippery conditions existed at the time of Newvine's fall, under the hills and ridges doctrine, School District had no duty to correct the icy condition until a reasonable time **after** the conclusion of the storm. *See Rinaldi v. Levine*, 176 A.2d 623, 625 (Pa. 1962) ("There is no absolute duty on the part of a landowner to keep his premises and sidewalks free from snow and ice at all times. These formations are natural phenomena incidental to our climate.") (citations omitted); *Collins v. Phila. Suburban Dev. Corp.*, 179 A.3d 69, 76 (Pa. Super. 2018) ("[T]he entire 'gist' of the hills and ridges doctrine is that a landowner has no duty to correct or take reasonable measures with regard to storm-created snowy or icy conditions **until a reasonable time after the storm has ceased**.") (emphasis added); *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1089 (Pa. Super. 1997) (recognizing that a property owner has no duty to salt a parking lot during, or immediately after, an ice storm).

Here, the evidence established that the freezing rain storm had not ceased at the time of Newvine's fall. Even if, as Newvine testified, there was a brief break in the precipitation during her 10-minute drive to school, there is no question that the freezing rain started again minutes after her arrival. Therefore, the freezing rain storm was still ongoing, and School District had no duty to remediate the icy condition near Newvine's parked vehicle until a reasonable time after the storm.

Because we conclude that the ice on which Newvine fell resulted from generally slippery conditions in the community, Newvine was required to show that she fell on "hills and ridges" of ice in order to recover. However, Newvine's own testimony confirmed that the ice patch was completely smooth and invisible. Newvine Dep., 12/21/16, at 55-56; *accord Wilson v. Howard Johnson Rest.*, 219 A.2d 676, 677-78 (Pa. 1966) (where plaintiff slipped on a sheet of smooth ice in restaurant parking lot,

15

restaurant was not liable under hills and ridges doctrine, where plaintiff's own testimony established "that the cause of his fall was wet, slippery ice, devoid of any obstructions or ridges or elevations allowed to remain for an unreasonable length of time"); *Alexander v. City of Meadville*, 61 A.3d 218, 222 (Pa. Super. 2012) (dismissing plaintiff's claim for a fall on a "patch of ice . . . [that] was smooth, not rippled or ridged") (quoting trial court opinion).

Newvine failed to adduce any evidence that the ice patch that formed near her parked vehicle was anything other than a natural accumulation created by the ongoing freezing rain storm. Therefore, we conclude that Newvine's cause of action is barred by the hills and ridges doctrine.

## 2. Restatement Section 323

Next, Newvine asserts that Restatement Section 323 imposed a common law duty on School District and that School District breached that duty by negligently failing to salt the area where she fell.[10] Restatement Section 323 provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

---

[10] Newvine attempts to analogize this case to situations in which a local agency negligently installs or maintains a traffic control device that subsequently causes injury to a plaintiff. *See* Newvine Br. at 33-35. She relies on *Glenn v. Horan*, 765 A.2d 426, 430 (Pa. Cmwlth. 2001), in which this Court stated that when a municipality installs a traffic control device, the municipality may be held liable for negligently maintaining the device if such negligence proximately causes injury to a plaintiff. *Accord Cagey v. Dep't of Transp.*, 179 A.3d 458, 467-68 (Pa. 2018) (holding that when a Commonwealth agency installs a guardrail, sovereign immunity is waived if the agency's negligent installation and design of the guardrail creates a dangerous condition that proximately causes injury to plaintiffs). We find these "negligent installation and design" cases inapposite, however, because they did not involve the application of the hills and ridges doctrine or Restatement Section 323.

16

Restatement (Second) of Torts § 323 (Am. Law Inst. 1965).

In *Gardner*, the Pennsylvania Supreme Court considered a similar claim, albeit under a distinct set of facts. *See supra* note 4, at 4. The *Gardner* plaintiffs had asserted that the City of Philadelphia (City), though generally immune from suit, could be held liable at common law under Restatement Section 323. However, the Supreme Court rejected the plaintiffs' attempt to use Restatement Section 323 to impose a duty of care on the City, stating: "[T]here is a strong indication that it was the intent of the General Assembly that the requirement in the . . . Tort Claims Act of a common law basis for an action against government agencies be construed so as to prohibit the creation of any new causes of action." 573 A.2d at 1018. Moreover, the *Gardner* Court determined that "[Restatement] Section 323 does not apply to government, for government does not act gratuitously or for consideration, as is required by [Restatement] Section 323, but pursuant to its required or discretionary duties in the process of governing." *Id.* at 1020. Because the plaintiffs failed to establish a cause of action against the City at common law, the Supreme Court held that their claims were barred by the Tort Claims Act. *Id.* at 1021.

In her principal brief, Newvine suggests that School District should have a heightened duty to clear generally slippery conditions because School District "compelled" Newvine onto its property to attend school on the day of the accident. *See* Newvine Br. at 19, 39, 42. Newvine, however, cites no legal authority to support this proposition. Newvine essentially seeks to create a new duty of care with regard to snow and ice removal applicable only to school districts. As School District observes in its brief, "While all other property owners in the Commonwealth would be subject to liability only within the confines of the hills and ridges doctrine, [Newvine] would have this Court rule that school districts must clear generally slippery conditions by

virtue of the fact that *the Commonwealth* (not the School District) has made school attendance mandatory." Sch. Dist. Br. at 20 (emphasis in original). However, neither the General Assembly, nor our case law, has recognized an exception to the hills and ridges doctrine applicable only to school districts, and we decline to do so here.

Furthermore, our Supreme Court has recognized that Restatement Section 323 "does not . . . change the burden of a plaintiff to establish the underlying elements of an action in negligence, *nor can it be invoked to create a duty where one does not exist*." *Morena v. S. Hills Health Sys.*, 462 A.2d 680, 684 (Pa. 1983) (emphasis added). As discussed above, School District's duty of care with regard to snow and ice removal is governed by the hills and ridges doctrine. Consistent with *Gardner*, we conclude that Restatement Section 323 cannot be used to impose a **greater** duty of care on School District. Newvine has cited no case law in which a local agency's undertaking to remove ice or snow from its premises imposed on the agency a greater duty of care beyond that imposed by the hills and ridges doctrine. Therefore, we agree with the Trial Court that Restatement Section 323 is inapplicable to this case.

### 3. Restatement Section 324

Finally, in her appellate briefs, Newvine asserts that the Trial Court erred in failing to apply Restatement Section 324 to impose a duty of care on School District. As School District correctly points out, however, Newvine failed to raise this issue in her Rule 1925(b) Statement, and the Trial Court did not address the issue in its Opinion. Accordingly, we conclude that Newvine has waived her Restatement Section 324 claim. *See Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) ("Issues not included in a party's [Rule] 1925(b) Statement are waived and will not be addressed on appeal."); Pa. R.A.P. 1925(b)(4)(vii).

18

**Conclusion**

Based on the relevant, uncontroverted evidence and the well-established law, the Trial Court correctly concluded that Newvine failed to establish that her damages are recoverable at common law and, thus, School District is immune from suit under the Tort Claims Act.[11] Therefore, we conclude that the Trial Court properly granted summary judgment in School District's favor and dismissed Newvine's Complaint. Accordingly, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge

Sr. Judge Leadbetter dissents.

---

[11] Because Newvine failed to satisfy the threshold requirement of Section 8542(a)(1) of the Tort Claims Act, we need not determine whether her cause of action falls within the real estate exception to School District's immunity. That issue also was not addressed by the Trial Court or either party in this appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristin Newvine,                         :
                    Appellant           :
                                         :
        v.                               :  NO. 1331 C.D. 2017
                                         :
Jersey Shore Area School District        :

# O R D E R

AND NOW, this 19th day of July, 2018, the Order of the Court of Common Pleas of Lycoming County, dated August 21, 2017, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge