IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William S. Harris | : | |
| | : | |
| v. | : | No. 963 C.D. 2022 |
| | : | |
| Borough of West Hazleton and | : | |
| Borough of West Hazleton Police | : | |
| Pension Fund | : | |
| | : | |
| Appeal of: Borough of West Hazleton | : | Argued: September 11, 2023 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  October 13, 2023

The Borough of West Hazleton (Borough) appeals from the August 18, 2022 order of the Court of Common Pleas of Luzerne County (trial court), which relevantly held that William S. Harris (Harris), a retired Borough police officer, was not a grievant under the terms of a collective bargaining agreement (CBA) between the Borough and the West Hazleton Police Association (Association) and that Harris was not required to follow the grievance procedures in the CBA in pursuing a cost of living adjustment (COLA) to his police pension benefits.  The sole issue before this Court is whether a retired police officer should be considered a grievant under the CBA, which defines the term as "any individual or group of bargaining unit employees, or their bargaining representative."[1]  After careful review, we affirm the trial court and remand this matter to the trial court for further proceedings.

_____

[1] Original Record (O.R.), Item No. 1, Ex. A.

# I. Background

Subsection 20(J) of the CBA provides that "[i]n addition to other monthly pension or retirement allowances or increments, each person receiving retirement benefits shall receive annual [COLA] increases[.]" O.R., Item No. 1, Ex. A. Section 21 of the CBA describes a grievance process by which a grievant may file a complaint regarding "the interpretation and application of any language" in the CBA. *Id.* The grievance process in Section 21 consists of three steps. "Step 1" provides that a grievant "may" present his or her written complaint to the Borough Mayor within 30 days of the date upon which the matter complained of occurred or the date upon which the grievant "reasonably should have known [the matter] to have occurred." *Id.* The Borough Mayor must provide a decision on the grievance within seven working days. If the grievance is not resolved at Step 1, a "Step 2" appeal shall be initiated in writing to the [Borough] Council President for submission to the Borough Council[.]" *Id.* The Borough Council "shall respond" within seven working days following its next regularly scheduled or special meeting date. *Id.* If the grievance is not satisfactorily resolved at Step 2, a "Step 3" appeal shall be initiated within 30 calendar days by written notice of intent to proceed with binding arbitration. *Id.* Should the Borough fail to comply with the time limits in Section 21, the grievance "shall be automatically appealed to the next step." *Id.* If a grievant fails to comply with these time limits, the grievance shall be deemed resolved in favor of the Borough and any further appeal "shall be barred[.]" *Id.*

Harris worked as a full-time police officer for the Borough from May 6, 1987, until he retired on June 1, 2007. In a letter dated January 2, 2015, Harris advised the Borough Administrator, Jane Mikulca (Mikulca), that he recently became aware of the COLA provisions in the CBA. As Harris had not received a COLA since retiring

2

on June 1, 2007, Harris requested that Mikulca "forward [the] information to those responsible for the [p]ension [p]lan." O.R., Item No. 13, Ex. C. After receiving no response from Mikulca, Harris sent a letter on January 28, 2016, to the Borough Mayor, Frank Schmidt (Mayor Schmidt), requesting his assistance in the matter. Harris sent Mayor Schmidt a second letter on January 12, 2017, indicating that he had not received a response to the January 28, 2016 letter. In a letter dated March 23, 2017, Michael Bogart (Bogart), the president of Christina Lodge #84, Fraternal Order of Police (Union), advised Mayor Schmidt that Harris sought the Union's help in resolving the COLA issue. Bogart requested that the Borough provide Harris the requested COLA, and he expressed hope that the matter could be settled without the involvement of legal counsel.

On February 23, 2018, Harris filed his complaint, alleging that the Borough failed to pay him the annual COLA provided for in Subsection 20(J) of the CBA. As a result, Harris sought declaratory relief regarding his entitlement to a COLA and an order directing that the Borough pay Harris any COLA amounts due, effective January 1, 2008. The Borough filed an answer denying that Harris was entitled to an annual COLA, as he failed to comply with the grievance procedures in Section 21 of the CBA.

On May 16, 2022, the Borough filed an amended motion for summary judgment requesting the dismissal of Harris's complaint.[2] The Borough argued that Harris was a grievant, as defined in Subsection 21(A) of the CBA, and that he should have submitted a grievance regarding his right to a COLA. Furthermore, the Borough asserted that Harris was "fully aware" that his monthly pension benefit did

---

[2] The Borough withdrew its initial motion for summary judgment when it filed the amended motion.

3

not include a COLA.[3]  O.R., Item No. 21, ¶ 12.  Despite this knowledge, Harris waited several years before asserting his entitlement to a COLA.  As a result, the Borough contended that Harris waived his right to a COLA.  Additionally, the Borough argued that, even if Harris's January 28, 2016 letter to Mayor Schmidt initiated the grievance process, Harris failed to comply with the requirement that he provide the Borough Council President with written notice of his intent to proceed with binding arbitration.[4]  Because Harris failed to submit his grievance for binding arbitration, the matter was resolved in the Borough's favor, and the trial court lacked subject matter jurisdiction over Harris's civil action.  Finally, the Borough argued that Harris's declaratory and mandamus claims were barred by the applicable statutes of limitations, as any controversy regarding his entitlement to a COLA arose on January 1, 2008, and Harris filed his complaint on February 21, 2018.

Harris also filed a motion for summary judgment, arguing that he was entitled to judgment as a matter of law because he was indisputably entitled to a COLA that he had not received.  Harris rejected the Borough's assertion that he was a grievant and bound by the CBA's grievance procedures.

The trial court issued an order on August 18, 2022, denying the Borough's amended motion for summary judgment to the extent it was predicated on Harris's

---

[3] Harris acknowledged during an October 30, 2020 deposition that he participated in negotiations for the first CBA between the Union and the Borough, that he was familiar with the CBA's terms, and that he would have received a copy of each CBA executed by the Borough and the Union.  Harris only learned he was entitled to a COLA in 2015, however, when he reviewed the CBA to address an issue with his wife's prescription coverage.  This realization prompted Harris's January 2, 2015 letter to Mikulca.

[4] The Borough reasoned that, because the Borough did not comply with the time limits established for Steps 1 and 2 of the grievance process, the matter would have immediately proceeded to binding arbitration under Step 3.

4

status as a grievant. The trial court noted that the CBA defined grievant as "any individual or group of bargaining unit employees, or their bargaining representative." Trial ct. op at 5-6. The trial court interpreted this language to mean that a grievant was an individual bargaining unit employee, a group of bargaining unit employees, or the bargaining representatives thereof. As Harris was a retired police officer and not an employee, the trial court concluded that he was not bound by the grievance procedures in the CBA.

Regarding the statutes of limitations, the trial court found that Harris's cause of action accrued on March 23, 2017, when Bogart raised the possibility of litigation in his letter to Mayor Schmidt. The trial court agreed, however, that Harris's mandamus claim was time-barred by the six-month statute of limitations set forth in Section 5522(b)(1) of the Judicial Code.[5] Accordingly, the trial court granted the Borough's amended motion for summary judgment to the extent it sought dismissal of Harris's mandamus claim. The trial court granted Harris's motion for summary judgment with respect to his claim for declaratory relief, which was governed by the four-year statute of limitations in Section 5525(a) of the Judicial Code.[6] As Harris's claim arose on March 23, 2017, the complaint he filed on February 23, 2018, was timely.

---

[5] 42 Pa.C.S. § 5522(b)(1). Section 5522(b) establishes a six-month statute of limitations for "[a]n action against any officer of any government unit for anything done in the execution of his office[.]" In dismissing Harris's mandamus claim, the trial court also noted that Harris should have named the appropriate officers of the governmental unit in his civil action.

[6] 42 Pa.C.S. § 5525(a) generally provides that an action upon a contract must be commenced within four years.

Pursuant to Section 7532 of the Declaratory Judgments Act,[7] the trial court held that Harris was entitled to a COLA to his pension benefit, as provided for in Subsection 20(J) of the CBA. The trial court directed that the Borough pay to Harris all COLA payments due following his retirement on June 1, 2007, plus interest. Additionally, the trial court directed that a hearing be held on October 27, 2022, for the purpose of determining the total amount due to Harris. The Borough filed a motion for reconsideration, which the trial court denied on August 31, 2022.

On September 9, 2022, the Borough filed a Petition for Permission to Appeal (Petition) with this Court, pursuant to Pa.R.A.P. 1311(a)(1), which governs Interlocutory Appeals by Permission.[8] We granted the Petition on January 30, 2023, and stayed any further proceedings before the trial court pending our resolution of the instant appeal. The sole issue on appeal[9] is whether Harris is a grievant, as defined in Subsection 21(A) of the CBA.

## II. Discussion

The Borough argues that the dispute over Harris's right to a COLA involves the interpretation and application of the terms in the CBA.[10] As such, the Borough

---

[7] Section 7532 of the Declaratory Judgments Act grants a court the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. § 7532.

[8] The trial court stayed the October 27, 2022 hearing pending this Court's resolution of the Petition.

[9] Our review of a trial court's grant summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736, 738 n.2 (Pa. Cmwlth. 1997).

[10] The Borough of West Hazleton Police Pension Fund joined in the Borough's principal brief filed with this Court.

6

maintains that resolution of this matter is governed by the grievance procedures in Section 21 of the CBA. The Borough notes that terms throughout the CBA apply to retired police officers, and Section 21 of the CBA is devoid of any language excluding retired police officers from the three-step grievance process. Furthermore, the Borough contends that the term "individual" in the definition of grievant should be broadly interpreted to include any employee, whether actively employed or retired. Stated otherwise, a grievant under Subsection 21(A) is an individual, a group of bargaining unit employees, or their bargaining representative. The Borough also suggests that Harris's continued membership in the Union constitutes evidence that Harris is a grievant under the CBA.

Pennsylvania courts have previously reviewed whether a retiree is bound by the grievance procedures in a CBA. Generally, we look to whether the express language in the CBA limits the grievance process to employees. In *Danville Area School District v. Danville Area Education Association, PSEA/NEA*, 754 A.2d 1255, 1262 (Pa. 2000), our Supreme Court held that a retiree had standing to file a grievance because the CBA permitted "persons" to file a grievance and did not limit the process to employees. Similarly, in *Edgell v. City of Aliquippa*, 272 A.3d 1011, 1020 (Pa. Cmwlth. 2022), this Court held that the grievance procedures in a CBA applied to retirees because the CBA expressly provided that a retiree could contest a determination made by the pension plan administrator through the CBA's grievance and arbitration provisions. We came to the opposite conclusion in *Borough of Dunmore v. Arnone* (Pa. Cmwlth., No. 783 C.D. 2019, filed March 6, 2020), as the grievance procedure applied to "any **Employee or group of Employees**" with the stated purpose of settling any grievance between the local fire

7

department and its union. *Id.*, slip op. at 4 (emphasis in original).[11] Because the plain language in the CBA limited the grievance process to employees, and not retirees, we held that retired firefighters were not obligated to follow the CBA's grievance procedures.

Instantly, as noted above, a grievant is defined in Subsection 21(A) of the CBA as "any individual or group of bargaining unit employees, or their bargaining representatives." O.R., Item No. 1, Ex. A. Neither Subsection 21(A), nor any other provision of Section 21, references retired employees or suggests that they are bound by the grievance provisions. The remaining sections of the CBA clearly differentiate between active police officers and retired police officers, and any provision that is applicable to retired police officers contains specific language to that effect. For example, Subsection 6(B) states that a "retired police officer" is entitled to health insurance "at no cost to the retired employee," unless the "retired employee" is covered by another health plan. O.R., Item No. 1, Ex. A. The "retiree's" health plan is the same as that provided for "active employees." *Id.* In Section 8 of the CBA, which governs "Court Time[,]" a "retired officer" subpoenaed after the effective date of his or her retirement shall be paid the salary he or she would have earned while employed. *Id.* Section 12 provides that retiring personnel shall receive their full pay for unused sick and vacation leave. *Id.* Under Subsection 20(E) of the CBA, a police officer who is disabled in the course and scope of employment "shall be eligible for immediate retirement benefits[;]" however, a claim for disability retirement requires proof of disability from a licensed medical practitioner. A contested claim for

---

[11] Pursuant to Section 414(a) of this Court's internal operating procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court may be cited as persuasive authority.

8

disability retirement "shall be submitted to arbitration pursuant to the grievance procedure contained in the [CBA.]" *Id.*

Based on the above review, we cannot agree with the Borough that the definition of grievant encompasses retired police officers, as there is no language in the CBA to suggest that retired police officers are bound by the CBA's grievance procedures. The grievance process only governs a dispute over disability retirement benefits when a police officer's right to such benefits has yet to be determined. In the absence of language that expressly binds *retired* police officers to the CBA's grievance procedures, the trial court did not err in holding that Harris is not a grievant and that he was not obligated to engage in the grievance process to pursue a COLA to his police pension benefits. This conclusion is also consistent with the last antecedent rule. Under this rule of construction, when several words are followed by a modifying phrase, the language demands that the modifying phrase applies as much to the first word as it does to the last. *Summit Twp. Indus. v. Cnty. of Erie*, 980 A.2d 191, 208 (Pa. Cmwlth. 2009) (internal citations omitted). Thus, the phrase "bargaining unit employees" would apply equally to "individual" and "group." Therefore, a grievant is an individual bargaining unit employee, a group of bargaining unit employees, or the bargaining representative thereof.

For these reasons, we affirm the trial court and remand this matter to the trial court to calculate the amount of Harris's COLA entitlement.

_____
ELLEN CEISLER, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William S. Harris               :
                                         :

         v.                        :   No. 963 C.D. 2022
                                           :

Borough of West Hazleton and    :
Borough of West Hazleton Police   :
Pension Fund                        :
                                           :
Appeal of: Borough of West Hazleton : 

# **O R D E R**

AND NOW, this 13th day of October, 2023, the August 18, 2022 order of the Court of Common Pleas of Luzerne County (trial court) is hereby AFFIRMED. This matter is remanded to the trial court for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ELLEN CEISLER, Judge